**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| | : | |
| James Lester Roudabush, Jr., | : | CIV. ACTION NO. 15-5550(RMB) |
| | : | |
| Petitioner, | : | |
| v. | : | OPINION |
| | : | |
| Federal Bureau of Prisons, | : | |
| | : | |
| Respondent. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I.    BACKGROUND

Plaintiff, a prisoner confined at FCI Fort Dix, submitted a self-styled "Petition for Writ of Prohibition," which was construed by the Clerk of Court, for administrative purposes, as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The All Writs Act, 28 U.S.C. § 1651, confers on "all courts established by Act of Congress" the ability to "issue all writs necessary or appropriate in aid of their respective jurisdictions." Courts may issue such writs "only if there is an independent basis for subject matter jurisdiction." See In re Wallace, 405 F. Appx. 582 (3d Cir. 2011) (finding no independent basis of jurisdiction in petition for writ of prohibition).

1

In the present petition, Petitioner alleged he has a First Amendment right to engage in a hunger strike to protest constitutional violations by the Federal Bureau of Prisons and its agents. (Id. at 1-3.) Plaintiff alleged he has been threatened by staff that they will use procedures, related to his hunger strike, that are not in the F-BOP regulations. (Id. at 4.) Petitioner asks this Court to enjoin the F-BOP and its agents, permanently, from force-feeding him. (Id.) Petitioner also submitted a motion to expedite the Writ (ECF No. 1 at 7), and an application to proceed in forma pauperis (ECF No. 1 at 6).

"Title 28, section 2241 of the United States Code 'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'" McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). When the petitioner's challenge is to a condition of confinement, wherein a finding in the petitioner's favor would not alter his sentence or undo his conviction, a civil rights action under Bivens[1] is the appropriate vehicle for the petitioner's challenge.

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (holding that a federal agent acting under color of his authority gives rise to a cause of action for damages based on unconstitutional conduct).

Here, Petitioner's challenge is to a condition of confinement, his treatment while he is on a hunger strike. See e.g. Collier v. Adams, 602 F. App'x 850 (3d Cir. 2015) (Bivens action for Eighth Amendment violations related to prisoner's hunger strike). Therefore, Petitioner's challenges are properly brought in a Bivens action, and this Court has no basis for jurisdiction over the Petition for a Writ of Prohibition.

II.  CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the petition for lack of jurisdiction. Petitioner may, however, reassert his claims in a properly filed civil rights action.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge